**FILED**
**February 1, 2022**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**LARRY J. BLACK,**
**Claimant Below, Petitioner**

**vs.)     No. 20-0634** (BOR Appeal No. 2055161)
                    (Claim No. 2019011013)

**ALLIANT TECHSYSTEMS-ATK,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Larry J. Black, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Alliant Techsystems-ATK, by Counsel Alyssa A. Sloan, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on January 21, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its February 13, 2020, Order. The Order was affirmed by the Board of Review on July 30, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions . . . .

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in

1

the same claim, the decision of the board may be reversed or modified by the [S]upreme [C]ourt of [A]ppeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Black, an explosives operator, alleges an injury to his right shoulder while removing missiles from a crate on October 10, 2018. In an undated Sedgwick Workers' Compensation Standard Intake Form, Mr. Black stated that he injured his right shoulder on October 10, 2018, while lifting motors out of a box. Mr. Black stated that he stretched and twisted his shoulder, and it began to hurt on his drive home. He was unable to work the following day and reported the incident to medical. The employer questioned the claim. The November 14, 2018, Employers' Report of Injury indicates Mr. Black informed his supervisor, Michael Morris, of his injury on October 10, 2018. It was again noted that the employer questioned the claim.

A right shoulder MRI was performed on December 3, 2018, and showed degenerative changes of the acromioclavicular joint, an extensive retracted full thickness tear of the supraspinatus tendon and infraspinatus tendon with associated muscular atrophy, and a degenerative posterior labrum tear. On January 9, 2019, Jonathan Luchs, M.D., performed an Age of Injury Analysis in which he concurred with the finding of a full thickness retracted supraspinatus tendon tear with muscle atrophy. He disagreed with the finding of a full thickness infraspinatus tendon tear with muscle atrophy because there was evidence of chronic, frayed degenerative tendinosis. Dr. Luchs found no definitive evidence of a full thickness infraspinatus tendon tear. He opined that all of the findings were chronic. The claims administrator rejected the claim on January 21, 2019.

Mr. Black testified in a September 12, 2019, deposition that on October 10, 2018, he was removing a missile from a crate. He primarily used his right hand to lift the missiles. While removing the missile, he felt a pull in his shoulder. Mr. Black stated that he finished his shift that day but was unable to work the following day. He reported to his supervisor that he could barely move his right arm, and he was referred to the employer's medical department. He was diagnosed with right shoulder sprain. Mr. Black denied any prior right shoulder injuries or treatment.

The Office of Judges affirmed the claims administrator's rejection of the claim on February 13, 2020. It found that the only medical evidence submitted by Mr. Black was the right shoulder MRI, which showed only chronic degenerative changes. Mr. Black testified that he was seen by the employer's medical department the day after his injury and was diagnosed with a right shoulder sprain. However, the Office of Judges found that those treatment notes were not submitted, nor

was the Employees' and Physicians' Report of Injury. Though this Court found in *Pennington v. State Workmen's Comp. Comm'r,* 154 W. Va. 378, 175 S.E.2d 440 (1970), that the cause of an injury can be established without direct medical evidence, the Office of Judges found the case at bar to be distinguishable. In *Pennington*, the claimant suffered a herniated disc following an explosion. There was no evidence in the record of prior back injuries or preexisting disc problems. In the case at issue, the Age of Injury Analysis is the only medical evidence to address the cause of Mr. Black's injury. Dr. Luchs concluded that all of the findings seen on the right shoulder MRI are chronic. Further, the MRI report dated December 3, 2018, indicated degenerative acromioclavicular joint changes. The Office of Judges concluded that the evidence in this case does indicate that Mr. Black had a preexisting degenerative shoulder condition. Therefore, additional medical evidence is needed in order to establish compensability. Mr. Black failed to submit such evidence. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 30, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Though Mr. Black alleges that he injured his right shoulder in the course of his employment, there were no witnesses to the injury. Further, the only medical evidence of record indicates that Mr. Black suffers from preexisting degenerative shoulder joint conditions. Mr. Black has failed to meet his burden of showing that he sustained an injury in the course of and resulting from his employment.

Affirmed.

**ISSUED: February 1, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

3